# EXHIBIT A

FEB 19 2019

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | | |
|---|---|---|---|
| 19th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>19-16728-NP |

Court address
415 Third Street, Manistee, MI 49660

HON. DAVID A. THOMPSON

Court telephone no.
231-723-3331

Plaintiff's name(s), address(es), and telephone no(s).
ROBERT PHILLIPS
960 MANDON STREET
WHITE LAKE, MI 48386

v

Defendant's name(s), address(es), and telephone no(s).
TRICAM INDUSTRIES, INC.
7677 Equitable Dr
Eden Prairie, MN 55344

Plaintiff's attorney, bar no., address, and telephone no.
PHILIP MATTHEWS   P53649
22422 EDISON STREET
DEARBORN, MI 48124
313-492-0991

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 2/11/19 | 5/13/19 | Debra S. Nalley |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (1/19)  SUMMONS                                    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR MANISTEE COUNTY

ROBERT PHILLIPS,

    *Plaintiff,*

v.

TRICAM INDUSTRIES, INC.,
a Minnesota corporation,

    *Defendant.*

Case No.2019- 1 6728 -NP

Hon. **HON. DAVID A. THOMPSON**

**TRUE COPY**
JILL M. NOWAK
Manistee County Clerk

P.W. MATTHEWS, PLLC
By: Philip Matthews (P53649)
Attorney for Plaintiff
22422 Edison Street
Dearborn, MI 48124
313.492.0991/fax 313.557.0157
pmlaw@wowway.com

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

### COMPLAINT

NOW COMES Plaintiff Robert Phillips, by and through his counsel, P.W. Matthews, PLLC, and for his complaint, states as follows:

## Parties

1. Plaintiff Robert Phillips is resident of Oakland County, Michigan.

2. Upon information and belief, Defendant Tricam Industries, Inc. is a Minnesota corporation, which has purposefully availed itself of the opportunity to do business and which is authorized to do business in Manistee County, Michigan.

## Factual Background

3. Plaintiff was working with his brother-in-law, William Knapp, at Knapp's cottage. William Knapp owns residential property at 522 Michigan Avenue, Wellston, Michigan.

4. William Knapp owns an A-frame ladder ("the Ladder"), which was designed and manufactured by Defendant and sold under the brand name "Gorilla Ladders." He purchased the Ladder in approximately 2008 from a Home Depot store.

5. Defendant offers an express "lifetime" warranty on its products, including the Ladder.

6. William Knapp used the Ladder approximately three times per year, subjecting it to normal use. He kept the Ladder in dry storage when he was not using it.

7. The Ladder was designed to be used in multiple configurations. The ladder claims to be functional in many configurations. Knapp and Plaintiff used the ladders as

two separate tools. In this configuration, it was possible for two people to climb separate portions of the Ladder. Such a configuration was normal use of the Ladder.

8. On July 5, 2018, at Knapp's residence in Wellston, Plaintiff sought to use the Ladder, so that he could knock down some horizontal boards on a wall of a mud room. He properly set up the Ladder in the A-frame configuration and placed it securely on the floor of the mud room, which was flat. All four legs of the ladder were securely on the floor.

9. Plaintiff was working with William Knapp. Knapp climbed the Ladder and stood with both feet on the second or third rung. Plaintiff climbed his portion of the Ladder and stood with both feet on the third rung.

10. Plaintiff and Knapp were both performing the same task: using an ordinary hammer against a horizontal board on the wall of the mud room, while standing on the Ladder.

11. Just after Plaintiff and Knapp began their work, the ladder leg (from floor to first rung) that Plaintiff was standing on collapsed, causing Plaintiff to fall to the floor and severely break his left elbow.

12. Plaintiff was taken to Manistee Hospital where doctors treated his broken elbow. Since his injury, he has been unable to perform all the functions of his job as an auto mechanic.

3

## Count I: Negligence

13. Plaintiff incorporates by reference paragraphs 1-12.

14. At all relevant times Defendant owed a duty to Plaintiff and to the public in general to:

    a. properly design its products;

    b. properly manufacture its products; and

    c. properly test its products.

15. Defendant breached these duties by committing or omitting the following acts:

    a. failing to properly design the Ladder;

    b. failing to properly manufacture the Ladder; and

    c. failing to properly test the Ladder.

16. The Ladder was not reasonably safe at the time it left Defendant's control.

17. At the time the product left the control of Defendant manufacturer, a technically feasible alternative design and/or production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

18. Defendants' breaches of duty proximately caused the following damages to Plaintiff, including but not limited to: pain and suffering; uninsured medical expenses; and loss of income.

4

PLAINTIFF REQUESTS that this Court enter judgment against Defendant in an amount that will fairly and adequately compensate Plaintiff for his injuries, together with the costs of this action, interest, and attorney fees.

### Count II: Breach of Implied Warranty

19. Plaintiffs incorporate by reference paragraphs 1 through 18.

20. The Ladder was not reasonably fit for the uses anticipated or reasonably foreseen by Defendant when it left Defendant manufacturer's control.

21. As a proximate result of the breach of implied warranty by Defendant, Plaintiff was injured as previously described.

PLAINTIFFS REQUEST that this court enter judgment against Defendant manufacturer in an amount that will fairly and adequately compensate Plaintiff for his injuries, together with the costs of this action, interest, and attorney fees.

### Count III: Breach of Express Warranty

22. Plaintiffs incorporate by reference paragraphs 1 through 21.

23. Defendant manufacturer expressly warranted, represented, and stated that the Ladder would be safe and functional for the buyer's lifetime.

24. Plaintiff relied upon the representation and/or statement of express warranty as previously described.

25. Plaintiff was proximately injured through the breach of express warranty in the manner previously described.

PLAINTIFFS REQUEST that this court enter judgment against Defendant manufacturer in an amount that will fairly and adequately compensate Plaintiff for his injuries, together with the costs of this action, interest, and attorney fees.

Respectfully Submitted,

P.W. MATTHEWS, PLLC
By: Philip Matthews (P53649)
Attorney for Plaintiff
22422 Edison Street

Dearborn, MI  48124
313.492.0991/fax 313.557.0157
pmlaw@wowway.com

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR MANISTEE COUNTY

ROBERT PHILLIPS,

    Plaintiff,

v.

TRICAM INDUSTRIES, INC.,
a Minnesota corporation,

    Defendant.

Case No. 19-16728-NP

Hon. **HON. DAVID A. THOMPSON**

TRUE COPY
JILL M. NOWAK
Manistee County Clerk

---

P.W. MATTHEWS, PLLC
By: Philip Matthews (P53649)
Attorney for Plaintiff
22422 Edison Street
Dearborn, MI 48124
313.492.0991/fax 313.557.0157
pmlaw@wowway.com

---

## JURY DEMAND

Plaintiff Robert Phillips demands a trial by jury.

Respectfully Submitted,

P.W. MATTHEWS, PLLC
By: Philip Matthews (P53649)
Attorney for Plaintiff
22422 Edison Street
Dearborn, MI 48124
313.492.0991/fax 313.557.0157
pmlaw@wowway.com